IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRUS ALPHONSE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-747-ECM |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On April 3, 2026, this Court entered an Order and Final Judgment adopting the Magistrate Judge's Recommendation and dismissing this case without prejudice because the Plaintiff failed to comply with court orders. (Docs. 25, 26). Specifically, the Magistrate Judge had recommended that the case be dismissed without prejudice because the Plaintiff moved to proceed *in forma pauperis* ("IFP") but failed to file the Court's long-form application for leave to proceed IFP by the required deadline. (*See* doc. 20). Now pending before the Court is the Plaintiff's postjudgment "motion to dismiss and reject the Magistrate Judge's Recommendation," in which he argues that the Recommendation is based on "a misapplication of controlling law, unsupported factual conclusions, and internally inconsistent reasoning." (Doc. 27). For the reasons explained below, the motion is due to be denied.

To the extent the Plaintiff seeks to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Plaintiff is not entitled to relief. Under

Rule 59(e), a party may seek to alter or amend a judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248, at *1 (M.D. Ala. 2012).[1] "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alterations in original) (citation omitted).

The Plaintiff fails to demonstrate entitlement to Rule 59 relief for at least two reasons. First, his arguments could have been raised prior to the entry of judgment. The Plaintiff did not file objections to the Recommendation or otherwise argue that dismissal would be improper based on his failure to comply with court orders. Second, the Court discerns no error, let alone manifest error, in the judgment. Based on the Plaintiff's failure to comply with two court orders to file the Court's long-form application for leave to proceed IFP, the Court did not err in dismissing this case *without prejudice* pursuant to Rule 41(b) and the Court's inherent authority. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (discussing a court's inherent authority to dismiss an

---

[1] While the Court acknowledges that *Scharff* is nonprecedential, the Court finds it persuasive.

action for failure to comply with a court order); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (discussing a court's authority under Rule 41(b) to dismiss an action for failure to comply with a court order). The fact that the Plaintiff still has not remedied his noncompliance bolsters the Court's conclusion that Rule 59(e) relief is not warranted.

Additionally, the Court finds that the Plaintiff is not entitled to relief from the judgment pursuant to Rule 60(b). Rule 60(b) "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).[2] Upon review, the Plaintiff does not satisfy any of the criteria for Rule 60(b) relief. For these reasons, the Plaintiff's motion is due to be denied.

Accordingly, for the reasons stated, it is

ORDERED that the Plaintiff's motion (doc. 27) is DENIED.

This case remains CLOSED.

---

[2] A court may relieve a party from a judgment "for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The Rule 60(b)(6) "catchall" provision requires a showing of "extraordinary circumstances." *Kemp*, 596 U.S. at 533 (citation omitted).

DONE this 24th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE